ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LEROY BUNYON,                              )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )        Civil Action File
                                           )        No. CV 102-007
                                           )
BURKE COUNTY, BURKE COUNTY                 )
SHERIFF'S DEPARTMENT, SHERIFF              )
GREGORY T. COURSEY, Individually           )
and in his Official Capacity as Sheriff    )
of the Burke County Sheriff's Department,  )
JOHN DOES 1-10, Individually and in their  )
Official Capacities for the Burke County   )
Sheriff's Department, CITY OF MIDVILLE,    )
MIDVILLE POLICE DEPARTMENT,                )
CHIEF OF POLICE BRUCE ANDERSON,            )
Individually and in his Official Capacity as )
the Chief of Police for the City of Midville, )
INVESTIGATOR LEROY MORGAN,                 )
Individually and in his Official Capacity   )
for the Midville Police Department,        )
SERGEANT WESLEY LEWIS, Individually )
and in his Official Capacity for the Midville )
Police Department,                         )
                                           )
        Defendants.                        )


## COMPLAINT FOR DAMAGES


COMES NOW, Leroy Bunyon, Plaintiff in the above-styled action, and files

this his Complaint for Damages against the Defendants and states as follows:

1.

# I. JURISDICTION

1.

This action is brought pursuant to 42 U.S.C. § 1983, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of Georgia.  Jurisdiction is predicated upon 28 U.S.C. § 1343 and § 1367.

# II. PARTIES

2.

Plaintiff is a resident of Midville, Burke County, Georgia and is subject to the jurisdiction of this Court.

3.

Defendant Burke County is a recognized legal entity subject to the jurisdiction and venue of this Court and may be served by delivering a copy of the Summons and Complaint to the Chairman of the Burke County Board of Commissioners, Mr. James Dixon at 602 Liberty St., Waynesboro, GA 30830.

4.

Defendant Burke County allows the Burke County Sheriff, Gregory T. Coursey, to establish all final authority in the employment, discipline, supervision, training, termination and retention of all Burke County deputy sheriffs and jail personnel. Therefore, Burke County is liable for the acts and omissions of Sheriff Coursey.

5.

Defendant Burke County Sheriff's Department is a recognized legal entity within the jurisdiction of this Court and may be served by delivering a copy of the Summons and Complaint to the chairman of the Burke County Board of Commissioners, Mr. James Dixon, at 602 Liberty St., Waynesboro, Georgia 30830.

6.

Defendant Gregory T. Coursey was at all times relevant to this Complaint the Sheriff of Burke County, Georgia and is named as a Defendant individually and in his official capacity as Sheriff of Burke County.

7.

Defendant Coursey is responsible for enforcing the laws and regulations of the State of Georgia and Burke County. Defendant Coursey is also responsible for the hiring, training, supervision, termination and conduct of all Burke County Jail employees.

8.

Defendant Coursey is subject to the jurisdiction and venue of this Court. Defendant Coursey may be served by delivering a copy of the Summons and Complaint to him personally or by leaving copies thereof at 236 Crest Ridge Drive, Waynesboro, Georgia 30830 with some person of suitable age and discretion then residing therein.

9.

Defendants John Doe 1-10 were at all times relevant to this Complaint employed by the Burke County Sheriff's Department and are named as Defendants individually and in their official capacities for the Burke County Sheriff's Department.  Plaintiff will amend this Complaint at such time these individuals are identified.

10.

Defendant City of Midville is a recognized legal entity subject to the jurisdiction and venue of this court and may be served by delivering a copy of the Summons and Complaint to the Mayor of Midville, Mr. Harry Whitehead at 132 South Jones Street, Midville, Georgia 30441.

11.

Defendant Midville allows the Defendant Chief of Police Bruce Anderson ("Defendant Anderson") to establish all final authority in the employment, discipline, supervision, training, termination and retention of all personnel of the Defendant Midville Police Department. Therefore, Midville is liable for the acts and omissions of Defendant Anderson.

12.

Defendant Midville Police Department is a recognized legal entity subject to the jurisdiction and venue of this Court and may be served by delivering a copy of the Summons and Complaint to the Mayor of Midville, Mr. Harry Whitehead at 132 South Jones Street, Midville, Georgia 30441.

13.

Defendant Anderson was at all times relevant to this Complaint the Chief of Police for the City of Midville and is named as a Defendant individually and in his official capacity as the Chief of Police for the City of Midville.

14.

Defendant Anderson is subject to the jurisdiction and venue of this Court and may be served by delivering a copy of the Summons and Complaint to him personally or by leaving copies thereof at his residence, 153 Lee Street, Midville Georgia 30441 with some person of suitable age and discretion then residing therein.

15.

Defendant Investigator Leroy Morgan ("Defendant Morgan") was at all times relevant to this Complaint an investigator with the Midville Police Department and is named as a Defendants individually and in his official capacity for the Midville Police Department.

16.

Defendant Morgan is subject to the jurisdiction and venue of this Court and may be served by delivering a copy of the Summons and Complaint to him personally or by leaving copies thereof at his residence, 4103 Highway 24 West, Bartow, Georgia 30413, with some person of suitable age and discretion then residing therein.

17.

Defendant Sergeant Wesley Lewis ("Defendant Lewis") was at all times relevant to this Complaint a sergeant with the Midville Police Department and is named as a Defendant individually and in his official capacity for the Midville Police Department.

18.

Defendant Lewis is subject to the jurisdiction and venue of this Court and may be served by delivering a copy of the Summons and Complaint to him personally or by leaving copies thereof at his residence, 818 Anne Po Street 313, Midville, Georgia 30441, with some person of suitable age and discretion then residing therein.

## III. <u>FACTS</u>

19.

On March 13, 2001, the Plaintiff was arrested by Defendant Lewis of the Midville Police Department on a bench warrant issued in connection with a charge of purchasing an alcoholic beverage under age, a misdemeanor offense.

20.

While at the Midville Police Department, Plaintiff was questioned by Defendant Morgan about some local burglaries.  When Plaintiff informed Defendant Morgan that he had no information about the burglaries, he was told that he could "sit in jail" until he was willing to talk.  Plaintiff offered to pay the fines and court costs associated with the bench warrant but was not permitted to do so.  Plaintiff was then taken to the Burke County Jail.

21.

At no time while in the custody of the City of Midville was the Plaintiff brought before a judicial officer.

22.

On or about March 18, 2001, while incarcerated in the Burke County Jail, the Plaintiff began experiencing pain in the middle of his back close to his neck after doing push-ups for exercise.

23.

The pain in the Plaintiff's back persisted for several days. On March 21, 2001, Plaintiff was taken to the jail nurse at 8:25 p.m. The jail nurse examined the Plaintiff and sent him back to his cell. Plaintiff continued to experience pain in his back.

24.

On March 23, 2001, the Plaintiff was taken to a local medical clinic at some-time during the late morning for treatment of the pain in his back. Plaintiff was prescribed pain relievers and muscle relaxers and was returned to the jail. The Plaintiff and the officer who took him to the clinic were told that the Plaintiff should return to the doctor if his condition worsened.

25.

During the morning of March 24, 2001, Plaintiff's pain intensified, and he began to experience numbness in his legs which he had not previously experienced. Throughout the day and into the evening the Plaintiff, and the other detainees repeatedly alerted jail employees to the change in Plaintiff's condition and requested them to take Plaintiff for medical care. All of these requests were summarily refused. Plaintiff's condition continued to deteriorate throughout the day. By evening, Plaintiff lost the use of his legs.

26.

Around midnight, in a desperate attempt to persuade the guards to provide emergency medical attention to the Plaintiff, the other detainees refused to enter lock down until such medical attention was rendered.  Only as a result of this organized protest did the guards finally provide Plaintiff access to the proper medical care.

27.

During the early morning hours of March 25, 2001, paramedics arrived at Burke County Jail to transport the Plaintiff to Burke County Medical Center.  By that time, Plaintiff had completely lost the ability to walk and was incontinent.  Plaintiff was taken to Burke County Medical Center at approximately 1:30 a.m.  Plaintiff was evaluated and promptly transferred to the Medical College of Georgia in Augusta, Georgia.

28.

Plaintiff was diagnosed at the Medical College of Georgia with a cervical hematoma.  Plaintiff underwent two emergency surgeries on March 25, beginning at approximately 8 a.m. to remove the hematoma and the pressure it was causing on Plaintiff's spinal cord.

29.

As a result of the delay in receiving medical attention, Plaintiff was rendered paraplegic.

30.

Plaintiff's condition required him to be transferred on April 9, 2001 to the Shepherd Center in Atlanta where he underwent two months of intense physical therapy and treatment.

31.

Plaintiff continues to be permanently disabled and is unable to work.

32.

Plaintiff has incurred medical bills in excess of $200,000 and is likely to require further medical treatment in conjunction with his paralysis.

33.

As a result of his condition, Plaintiff has endured extreme pain and suffering and continues to suffer due to his permanent disability which will challenge him for the rest of his life.

## IV.  **42 U.S.C. § 1983 CLAIMS**

34.

Plaintiff hereby incorporates by reference paragraphs 1 - 33 as if fully set forth herein.

35.

All of the Defendants, while acting under color of state law, deprived the Plaintiff of his Constitutionally-protected right to due process protected by the Fourteenth Amendment of the United States Constitution.

36.

All of the Defendants, while acting under color of state law, deprived the Plaintiff of his Constitutionally-protected right to be free from unreasonable seizures of his person and effects protected by the Fourth and Fourteenth Amendments of the United States Constitution.

37.

All of the Defendants while acting under color of state law, deprived the Plaintiff of his Constitutionally-protected right to be free from excessive bail and cruel and unusual punishment protected by the Eighth and Fourteenth Amendments of the United States Constitution.

## A. Wrongful & Excessive Detention

38.

Defendants Morgan and Lewis, while acting under color of state law, violated Plaintiff's right to due process protected by the United States Constitution, when these Defendants intentionally, knowingly, recklessly, negligently, and with deliberate indifference, arrested the Plaintiff, failed to take him before a judicial

officer, in direct violation of state law, and incarcerated the Plaintiff in the Burke County Jail from March 13, 2001 to March 25, 2001.

39.

Defendants Morgan, Lewis, and John Does 1-10, while acting under color of state law, violated Plaintiff's right to be free from unreasonable seizures of his person and effects, protected by the United States Constitution, when these Defendants intentionally, knowingly, recklessly, negligently, and with deliberate indifference, failed to take the Plaintiff before a judicial officer for a probable cause determination, in direct violation of state and federal law, and incarcerated the Plaintiff in the Burke County Jail from March 13, 2001 to March 25, 2001.

40.

Defendants Morgan, Lewis, and John Does 1-10, while acting under color of state law, violated Plaintiff's right to be free from excessive bail protected by the United States Constitution, when these Defendants intentionally, knowingly, recklessly, negligently, and with deliberate indifference, failed to take the Plaintiff before a judicial officer for a bail hearing, in direct violation of state and federal law, and incarcerated the Plaintiff in the Burke County Jail from March 13, 2001 to March 25, 2001.

41.

Defendants Morgan, Lewis, and John Does 1-10, while acting under color of state law, violated Plaintiff's right to due process and right to be free from cruel and unusual punishment protected by the United States Constitution, when these Defendants intentionally, knowingly, recklessly, negligently, and with deliberate indifference, incarcerated the Plaintiff in the Burke County Jail from March 13, 2001 to March 25, 2001.

42.

Defendants City of Midville, Midville Police Department, and Anderson, while acting under color of state law and pursuant to official City of Midville policy, practice or custom, intentionally, knowingly, recklessly, negligently, and with deliberate indifference, failed to instruct, train, discipline, supervise or control Defendants Morgan and Lewis in the correct and proper police procedures designed to ensure the protection of the Plaintiff's right to due process, right to be free from unreasonable seizures of his person and effects, right to be free from excessive bail, and right to be free from cruel and unusual punishment.

43.

Defendants City of Midville, Midville Police Department, and Anderson, while acting under color of state law and pursuant to official City of Midville policy, practice or custom, intentionally, knowingly, recklessly, negligently, and with

- 13 -

deliberate indifference, approved, ratified, or otherwise failed to remedy the violations of the Plaintiff's civil rights perpetrated by Defendants Morgan and Lewis.

44.

Defendants Burke County, Burke County Sheriff's Department, and Coursey, while acting under color of state law and pursuant to official Burke County policy, practice or custom, intentionally, knowingly, recklessly, negligently, and with deliberate indifference, failed to instruct, train, discipline, supervise or control Defendants John Does 1-10 in the correct and proper police procedures designed to ensure the protection of the Plaintiff's right to due process, right to be free from unreasonable seizures of his person and effects, right to be free from excessive bail, and right to be free from cruel and unusual punishment.

45.

Defendants Burke County, Burke County Sheriff's Department, and Coursey, while acting under color of state law and pursuant to official Burke County policy, practice or custom, intentionally, knowingly, recklessly, negligently, and with deliberate indifference, approved, ratified, or otherwise failed to remedy the violations of the Plaintiff's civil rights perpetrated by Defendants John Does 1-10.

## B. Denial of Essential Medical Care

46.

Defendants John Does 1-10 violated Plaintiff's right to due process and right to be free from cruel and unusual punishment protected by the U.S. Constitution when these Defendants intentionally, knowingly, recklessly, negligently, and with deliberate indifference to Plaintiff's serious medical needs, denied the Plaintiff immediate emergency medical attention on March 24, 2001.

47.

Defendants Burke County, Burke County Sheriff's Department, and Coursey, acting under color of state law and pursuant to official Burke County policy, practice or custom, intentionally, knowingly, recklessly, negligently, and with deliberate indifference, failed to instruct, train, discipline, supervise or control Defendants John Does 1-10 in the correct and proper procedures for handling sick or injured jail inmates designed to ensure the protection of the Plaintiff's right to due process and right to be free from cruel and unusual punishment.

48.

Defendants Burke County, Burke County Sheriff's Department, and Coursey, acting under color of state law and pursuant to official Burke County policy, practice or custom, intentionally, knowingly, recklessly, negligently, and with deliberate

indifference, approved, ratified, or otherwise failed to remedy the violations of Plaintiff's civil right perpetrated by Defendants John Does 1-10.

### C. Injuries & Damages

49.

As a direct and proximate result of all of the Defendants' conduct, Plaintiff Leroy Bunyon was rendered a paraplegic. Plaintiff has suffered extreme pain, both physical and mental, and continues to experience physical and emotional problems from this incident.

50.

Plaintiff Leroy Bunyon is entitled to recover compensatory damages for the physical and mental suffering that he has endured in amount as will fairly compensate him.

51.

Plaintiff Leroy Bunyon is also entitled to recover compensatory damages for the loss of the capacity to work as well as medical expenses incurred as a result of this incident.

52.

Plaintiff Leroy Bunyon is also entitled to recover damages for the violation of his rights under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States through 42 U.S.C. § 1983.

53.

The Defendants' conduct exhibited a conscious disregard for the Constitutional rights of the Plaintiff and the consequences of such violation, which did in fact result to the Plaintiff. As a result, the jury should assess punitive damages against the Defendants jointly and severally in order to punish them for their actions and in order to deter them from this type of conduct in the future.

54.

Plaintiff is further entitled to attorney's fees as authorized by 42 U.S.C. § 1988.

## V. **NEGLIGENCE**

55.

Plaintiff hereby incorporates by reference paragraphs 1 - 54 as if fully set forth herein.

56.

Defendant City of Midville was given written notice of the herein described claim within the six (6) month period prescribed by O.C.G.A. § 36-33-5.

57.

Defendant Burke County was given written notice of the herein described claim within the twelve (12) month period prescribed by O.C.G.A. § 36-11-1.

58.

Defendant City of Midville had purchased and was insured under a policy or policies of liability insurance which covers the claims described herein.

59.

Defendant Burke County had purchased and was insured under a policy or policies of liability insurance which covers the claims described herein.

60.

Defendants Anderson, Morgan, and Lewis were employed by Defendant City of Midville and Defendant Midville Police Department at all times herein and under the doctrine of *respondeat superior*, Defendants City of Midville and the Midville Police Department are liable for the negligence of Defendants Anderson, Morgan, and Lewis committed within the course and scope of their employment.

61.

Defendants Coursey and John Does 1-10 were employed by Defendants Burke County and Burke County Sheriff's Department at all times herein and under the doctrine of *respondeat superior*, Defendants Burke County and Burke County Sheriff's Department are liable for any negligent conduct of Defendants Coursey and John Does 1-10 committed within the course and scope of their employment.

62.

All of the Defendants, jointly and severally, were under a legal duty and obligation to promptly bring the Plaintiff before a judicial officer and not unnecessarily detain him.

63.

All of the Defendants, jointly and severally, breached their duty to promptly bring the Plaintiff before a judicial officer and not unnecessarily detain him.

64.

Defendants Burke County, Burke County Sheriff's Department, Coursey, and John Does 1-10 jointly and severally were under a legal duty and obligation to provide the Plaintiff access to emergency medical attention and care.

65.

Defendants Burke County, Burke County Sheriff's Department, Coursey, and John Does 1-10 jointly and severally breached their legal duty and obligation to provide the Plaintiff access to proper emergency medical attention and care.

66.

The negligence of all the Defendants jointly and severally proximately caused injury to the Plaintiff. Plaintiff has suffered extreme physical and mental pain and discomfort from this incident. In addition, Plaintiff continues to suffer from physical and emotional pain.

67.

Plaintiff is entitled to recover from Defendants for mental and physical pain and suffering, past, present, and future medical expenses, for disability, loss of the capacity to work and labor, and for any and all other general and special damages to which he is entitled by law.

68.

The Defendants' conduct exhibited a conscious disregard of the consequences which resulted to the Plaintiff.  Consequently, the jury should assess punitive damages against the Defendants jointly and severally in order to punish them for their actions and in order to deter them from this type of conduct in the future.

## VI. FALSE IMPRISONMENT

69.

Plaintiff hereby incorporates by reference paragraphs 1 -68 as if fully set forth herein.

70.

Defendants' failure to bring the Plaintiff before a judicial officer and incarceration of the Plaintiff constituted false imprisonment.

71.

As a direct and proximate result of the above Defendants' wrongful imprisonment of the Plaintiff, Plaintiff suffered extreme emotional pain.  In addition, the

wrongful imprisonment of the Plaintiff subjected the Plaintiff to confinement that prevented him from obtaining necessary emergency medical care, which subjected him to severe and permanent injury.

72.

Plaintiff is entitled to recover from all of the Defendants, jointly and severally, for mental and physical pain and suffering, past, present, and future medical expenses, for disability, loss of the capacity to work and labor, and for any and all other general and special damages to which he is entitled by law.

73.

All of the Defendants exhibited a conscious disregard of the consequences which resulted to the Plaintiff.  Consequently, the jury should assess punitive damages against the Defendants jointly and severally in order to punish them for their actions and in order to deter them from this type of conduct in the future.

## VII.  <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

74.

Plaintiff hereby incorporates by reference paragraphs 1 - 73 as if fully set forth herein.

75.

Defendants' failure to bring the Plaintiff before a judicial officer and subsequent wrongful detention of the Plaintiff in the Burke County Jail was in reckless

disregard of his physical and emotional well-being. The intentional acts of the Defendants were unconscionable, frightening, and sufficient to inflict emotional distress upon the Plaintiff, for which he is entitled to damages which will fully compensate him for his injuries.

76.

Defendants Burke County, Burke County Sheriff's Department, Coursey, and John Does 1-10's failure to render essential emergency medical care to the Plaintiff was in reckless disregard of his physical and emotional well-being. The intentional acts of these Defendants were unconscionable, frightening, and sufficient to inflict emotional distress upon the Plaintiff, for which he is entitled to damages which will fully compensate him for his injuries.

77.

The conduct of all of the Defendants constituted a conscious disregard for the consequences which resulted to the Plaintiff. Consequently, the jury should be able to assess punitive damages against these Defendants jointly and severally in order to punish them for their actions and in order to deter them from this type of conduct in the future.

## VIII.  CLAIM FOR MEDICAL EXPENSES PURSUANT TO O.C.G.A. § 42-5-2

78.

Plaintiff hereby incorporates by reference paragraphs 1-77 as if fully set forth herein.

79.

Plaintiff was in the custody of Defendants Burke County and the Burke County Sheriff's Department at the time he sustained the injuries described herein.

80.

Pursuant to O.C.G.A. § 42-5-2, Defendants Burke County and the Burke County Sheriff's Department are responsible for medical expenses incurred by the Plaintiff as a result of the injuries described herein.

WHEREFORE, Plaintiff demands:

a)      That process be issued and that the Defendants be served with process;

b)      That judgment be entered in his favor, and against all the Defendants jointly and severally for damages as shown at trial in the form of:

1)      Special damages for past, present, and future medical expenses;

2)      General damages for pain and suffering, both mental and physical, disability, and loss of the capacity to work and labor that will adequately compensate the Plaintiff; and

3)      Punitive damages against the Defendants in such amount that will punish them and deter them from this type of conduct in the future;

c)      That all attorney's fees, costs and expenses of litigation be cast upon the
        Defendants;

d)      All other and further relief as this Court shall deem just and proper;
        and

e)      That all triable issues be submitted to a jury.

This 15th day of January, 2002.

Respectfully submitted,

CARLOCK, COPELAND, SEMLER &
  STAIR, LLP

By: _____
    WADE K. COPELAND
    Georgia State Bar No. 186862

By: _____
    RICHARD M. PIERRO, JR.
    Georgia State Bar No. 170180

Attorneys for Plaintiff

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, GA 30303-1235
(404) 522-8220
      ..........
P.O. Box 56887
Atlanta, GA 30343-0887